# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JIHAD ANTHONY ZOGHEIB,<br><br>Petitioner<br><br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>Respondents | Case No.: 2:22-cv-01213-GMN-MDC<br><br>**Order Granting Motion to Dismiss,<br>Granting Motion to Seal in Part,<br>Denying Certificate of Appealability,<br>and Closing Case**<br><br>(ECF Nos. 23, 30) |

*Pro se* 28 U.S.C. § 2254 habeas corpus petitioner Jihad Anthony Zogheib challenges his conviction, pursuant to a guilty plea, of two counts of theft. (ECF No. 8.) He argues that the state court violated his constitutional rights by revoking his probation and that his plea counsel was ineffective. (*Id.*) Respondents move to dismiss the petition as untimely. (ECF No. 23.) They also argue that grounds 2 and 3 are unexhausted and/or procedurally defaulted. Because the court concludes that it is untimely, the petition is dismissed.

## I. Background

In September 2014, in Eighth Judicial District Court, Las Vegas, Nevada (Clark County), Zogheib pleaded guilty to two counts of theft. (Exh. 90.)[1] The case stemmed from several incidents where Zogheib passed bad checks, accepted payment toward a Mercedes that he never provided, and obtained cash and/or gaming chips from three Las Vegas casinos when he had insufficient money or credit to pay the amount in full. The guilty plea was a global settlement of several cases. The state district court sentenced Zogheib to two consecutive terms of 38 to 96 months, suspended, with a probationary period not to exceed 5 years. (Exh. 97.) The court instructed Zogheib that there would be periodic status checks every six months to verify that the restitution—which amounted to about $280,000.00—was being paid. Judgment of conviction was entered on June 30, 2015. (Exh. 100.) The state district court subsequently held several hearings regarding Zogheib's failure to pay restitution and/or concerns that any payments made were from fraudulently obtained funds. (*See* exhs. 101, 102, 106, 116.) An amended judgment of conviction was entered on January 12, 2016,[2] and a second amended judgment of conviction was entered fourteen days later on January 26, 2016. (Exhs. 117, 119.) The second amended judgment amended the restitution amount. (Exh. 119.)

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 23, and are found at ECF Nos. 24-29, 31.

[2] At the February 11, 2015 sentencing hearing, the state district court discussed at length the probation condition that Zogheib not enter any gaming establishment for the purpose of gambling. (Exh. 98 at 3-5.) The amended judgment of conviction imposed probation conditions, including that Zogheib: "not enter any gaming establishment for the purpose of gambling." (Exh. 117 at 3.)

2

Upon the State's motion, the state district court held a revocation hearing on March 8, 2016. (Exhs. 121, 123.)  Defense counsel stipulated that Zogheib had violated the no-gambling and curfew conditions of his probation. (Exh. 123 at 5.)  The court noted that Parole and Probation's February 2016 Intensive Supervision Report indicated that Zogheib had gambled in numerous Las Vegas casinos on over 100 occasions. (Exh. 122.)  Time-stamped surveillance pictures also showed Zogheib in casinos well outside his 7:00 p.m. to 6:00 a.m. curfew. Zogheib admitted to his probation officer that he was gambling and that he hid his gambling from his wife by waiting until she went to bed before going to the casinos. (*Id*.)  The state district court revoked Zogheib's probation and imposed the underlying sentence at that hearing; the third amended judgment of conviction was entered on March 11, 2016. (Exh 124.)  In February 2017. the Nevada Court of Appeals affirmed the district court's order revoking probation as reflected in the third amended judgment of conviction. (Exh. 158.)  A fourth judgment of conviction was entered on October 10, 2017, that removed the aggregate total sentence because Zogheib's offenses predated the statute requiring aggregate sentences. (Exh. 164.)[3]

Zogheib dispatched his federal habeas corpus petition for mailing about July 19, 2022. (ECF No. 8 at 6.)  He raised three grounds for relief:

> Ground 1: The state district court violated his constitutional rights by revoking his probation and entering the third amended judgment.
>
> Ground 2: Trial counsel was ineffective.

---

[3] The court lays out the state procedural history subsequent to the third amended judgment of conviction at length below in its discussion of the federal statute of limitations.

3

>Ground 3: The state district court improperly struck two February 2018 state habeas petitions.

(ECF No. 8 at 5-6.)[4]

Respondents now move to dismiss the petition as untimely; alternatively, they argue that two grounds are unexhausted and/or procedurally barred. (ECF No. 23.) Zogheib opposed, and respondents replied. (ECF Nos. 38, 44.)

## II. Legal Standards & Analysis
### a. Timeliness -- AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d).  The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).  Where a defendant fails to seek direct review of his judgment of conviction before the state appellate court, the one-year period of limitations begins to run thirty days after the entry of the judgment of conviction. NRAP 4(b)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-150 (2012).

A properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).  A state petition is not deemed "properly filed" if it is untimely under state procedural rules. *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005).  When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." *Id*. at 414.  Under Nevada state law, a

---

[4] Zogheib does not clearly number the grounds in his federal petition, and therefore, the Court follows respondents' numbering.

4

habeas petition must be filed within one year after entry of the judgment of conviction if no appeal is taken. NRS 34.726(1).[5]

An amended judgment of conviction can constitute a new judgment that restarts the AEDPA limitations period. *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017), citing *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010).  A change to a defendant's sentence is a change to the judgment. *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017).  In *Gonzalez*, the state district court corrected the number of presentence credits to which the prisoner was entitled. *Id.*  The Ninth Circuit Court of Appeals held that this change to the sentence constituted a new judgment for the purposes of the AEDPA statute of limitations. *See also Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("[t]he sentence is the judgment" in a criminal case).  But generally a clerical or "scrivener's" error would not lead to a new judgment from which the one-year deadline would start again. *See Gonzalez v. Sherman*, 873 F.3d 763, 772 (9th Cir. 2017).

b. **Zogheib's Federal Petition is Untimely**

Here, the third amended judgment, which revoked probation and imposed Zogheib's underlying sentence, was entered on March 11, 2016. (Exh. 124.) Respondents do not dispute that the third amended judgment of conviction constituted a new judgment that started the AEDPA one-year limitations period anew. (*See* ECF No. 23 at 6.)  Zogheib briefly argues that the fourth amended judgment of conviction restarted his AEDPA one-year clock. (ECF No. 38 at 28-29.)  But the third amended

---

[5] In *Minor v. Baker*, the Ninth Circuit Court of Appeals reaffirmed that where the Nevada appellate court concludes that a state petition was untimely under state law, "'we are not at liberty to second guess that court's decision . . . .'" 842 Fed.Appx. 98 (9th Cir. 2021).

judgment of conviction was the judgment that revoked his probation and reinstated his sentence of 38 to 96 months, with a consecutive 38 to 96 months. (Exh. 124.) The fourth amended judgment of conviction merely removed the language that the aggregate total sentence was 76 to 92 months. It did not change his underlying sentence of 38 to 96 months, with a consecutive 38 to 96 months. Thus, the fourth amended judgment does not constitute a new judgment that would restart the AEDPA limitations period.

Calculating the AEDPA limitations period, Zogheib appealed the third judgment of conviction in April 2016. (Exh. 127.) The Nevada Court of Appeals affirmed the state district court's order revoking probation as reflected in the third amended judgment of conviction on February 23, 2017, and remittitur issued on March 21, 2017. (Exhs. 158, 159.) When a petitioner pursues a direct appeal to the state's highest court but declines to pursue a petition for writ of certiorari with the U.S. Supreme Court, the petitioner's conviction becomes final 90 days later upon the expiration of the time to file a petition for writ of certiorari. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); United States Supreme Court Rule 13. The one-year AEDPA statute of limitations therefore began to run on May 26, 2017, the day after Zogheib's time to seek certiorari with the Supreme Court expired, and, absent tolling, would have expired on May 29, 2018.[6] *See* 28 U.S.C. § 2244(d)(1)(A).

Zogheib properly filed a second motion to correct or vacate illegal sentence or judgment of conviction on December 28, 2017, after 216 days of the one-year AEDPA

---

[6] The original deadline fell on Saturday, May 26, 2018, and Monday May 28 was Memorial Day.

6

limitations had passed. (Exh. 167.)[7] While the second motion to correct illegal sentence was pending, Zogheib filed two pro per state habeas corpus petitions on February 21 and 27, 2018. (Exhs. 171, 172.) During a March 29, 2018 hearing, the state district court struck both petitions as fugitive documents because Zogheib was represented by counsel. (Exh. 175.)

The state district court order denying the (properly-filed) second motion to correct illegal sentence or vacate judgment was filed on July 27, 2018. (Exh. 182.) The Nevada Court of Appeals affirmed the state district court's order denying the motion on May 17, 2019. (Exh. 211.) Remittitur issued on June 14, 2019. (Exh. 213.) The AEDPA statute of limitations began to run again on August 16, 2019, with 149 days remaining.

Zogheib had filed a third state habeas petition on July 30, 2019. (Exh. 216.) On September 13, 2021, the Nevada Court of Appeals affirmed the denial of the petition as time barred because he filed it more than two years after the March 21, 2017 issuance of the remittitur on direct appeal from the district court order revoking probation and third amended judgment of conviction. (Exh. 277, NRS 34.726(1).) Remittitur issued on November 2, 2021, and the Nevada Supreme Court denied his petition for review that same day. (Exhs. 281, 280.) "When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414.

---

[7] While his appeal of the third-amended judgment of conviction was pending, Zogheib filed a (first) pro per motion to correct or vacate illegal sentence or judgment of conviction, challenging the revocation of his probation and the imposition of his suspended sentence. (Exh. 148.) The state district court denied the motion, holding that it lacked jurisdiction to rule on the motion while the appeal of the judgment of conviction was pending. (Exh. 154.) Zogheib appealed that order on February 6, 2017. (Exh. 155.) On October 12, 2017, the Nevada Court of Appeals dismissed Zogheib's appeal of the state district court's order denying his first motion to correct or vacate illegal sentence or judgement of conviction, finding the district court's order was not appealable. (Exh. 165.) Remittitur issued November 8, 2017. (Exh. 166.)

Here, Zogheib's petition was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period, § 2244(d)(2), and therefore, the limitations period was not tolled during this time.[8]  The AEDPA statute of limitations thus expired 149 days after August 16, 2019, on January 13, 2020.[9]  Zogheib dispatched his federal habeas petition on July 19, 2022, 919 days after the AEDPA limitations period expired. (ECF No. 8.)[10]  The petition is untimely.

Zogheib makes a brief reference that his confinement in segregation in a federal correctional center interfered with his ability to timely file his federal petition. (ECF No. 38 at 30.)  A petitioner may be entitled to equitable tolling of the AEDPA limitations period if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).  The Ninth Circuit has held that a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time for filing his claim in federal court." *Smith v. Davis* 953 F.3d 598-599 (9th Cir. 2020).  Zogheib's mention that

---

[8] *Pace* makes it clear that the untimely third state habeas petition did not toll the AEDPA limitations period. But even assuming, *arguendo*, that the third habeas petition tolled the statute of limitations, Zogheib's federal petition would still be untimely. The 149 days remaining would have started running on September 13, 2021, and expired on February 9, 2022.

[9] The original deadline was Sunday, January 12, 2020.

[10] The court's calculation differs slightly from respondents but doesn't change the outcome here.

8

he was held in segregation, with no elaboration and no timeline, is wholly insufficient to account for the entirety of the AEDPA statute of limitations.

### c. Motion to Seal

Finally, respondents have filed a motion for leave to file two exhibits *in camera* and under seal. (ECF No. 30.) While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598). Here, respondents ask to file Zogheib's Presentence Investigation Report ("PSI") and Intensive Supervision Report *in camera* and under seal because they are confidential under state law and contain sensitive information. (ECF No. 30.) The court has reviewed the two reports and concludes that respondents have demonstrated compelling reasons to file them under seal. However, neither appears to include information that is so sensitive that it would pose a security threat to Zogheib if he had copies. Accordingly, the motion is granted in part, and the exhibits will remain under seal.

### III. Certificate of Appealability

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of

appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and ruling in concluding that Zogheib's petition is untimely, the court finds that the ruling does not meet the *Slack* standard. The court therefore declines to issue a certificate of appealability for its resolution of Zogheib's petition.

### IV.    Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **(ECF No. 23) is GRANTED**. The petition **(ECF No. 8) is DISMISSED** as time-barred.

IT IS FURTHER ORDERED that a certificate of appealability will not issue.

IT IS FURTHER ORDERED that respondents' motion for leave to file under seal and *in camera* **(ECF No. 30) is GRANTED in part and DENIED in part**. The two exhibits will remain under seal.

IT IS FURTHER ORDERED that the Clerk of Court enter judgment accordingly and close this case.

Dated: January 29, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE